PER CURIAM:
Denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining *490 claims are repetitive and/or unsupported. La.C.Cr.P. art. 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
Attachment
TWENTY FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
STATE OF LOUISIANA
VERSUS
NAKEITH C. SPARKMAN
NO. 11-5998
DIVISION “A”
FILED: 7-17-15
DEPUTY CLERK
ORDER
This matter comes before the court on petitioner’s APPLICATION FOR POST-CONVICTION RELIEF, STAMPED AS FILED JUNE 8, 2015, AND THE STATE’S RESPONSE, STAMPED AS FILED JULY 9, 2015.
The petitioner was convicted on May 9, 2013, following trial by jury, of one count of second degree murder, one count of attempted second degree murder, one count of aggravated burglary, and one count of being a felon with a firearm. The petitioner was sentenced to life in prison for the conviction for second degree murder and to lessor prison terms on the other convictions, sentences to run consecutively.
On direct appeal, the Fifth Circuit Court of Appeal upheld the petitioner’s convictions. State v. Sparkman, 13-640 (La.App. 5 Cir. 2/12/14), 136 So.3d 98, remanding only for resentencing on one count.
The petitioner has now filed an application for post-conviction relief, alleging four claims. (1) He argues he receive ineffective assistance of counsel at trial and on appeal, (2) that counsel was ineffective for not alleging a Batson claim, (3) that he was denied due process and equal protection when he was arrested in Orleans Parish on a Jefferson Parish warrant, and (4) that he was denied due process and equal protection because the state improperly bolstered the credibility of a witness.
The state responds to the claims, conceding that the application is timely. The state raises a procedural objection to one claim and responds on the merits to the other claims.
The court will review the claims.
First Claim: Whether the petitioner was denied due process and his right to effective assistance of trial and appellate counsel?
In this claim, the petitioner argues that his defense attorney, Mar quita Naquin, *491 was deficient in her representation during the trial and that his appellate attorney, Mary Constance Haynes, should have argued this on direct appeal.
Under the well-known standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La.1986), a conviction must be reversed if the petitioner proves (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel’s inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Legrand, 2002-1462 (La. 12/3/03), 864 So.2d 89.
To be successful in arguing ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. A petitioner must also prove actual prejudice to the point that the results of the trial cannot be trusted. It is absolutely essential that both prongs of the Strickland test must be established before relief will be granted by a reviewing court.
Furthermore, there is a strong presumption that counsel’s performance is within the wide range of effective representation. Significantly, effective counsel does not mean errorless counsel and the reviewing court does not judge counsel’s performance with the distorting benefits of hindsight, but rather determines whether counsel was reasonably likely to render effective assistance. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
¶ law on appellate representation is also frequently cited. In reviewing claims of ineffective assistance of counsel on direct appeal, the Supreme Court of the United States has expressly observed that appellate counsel “need not advance every argument, regardless of merit, urged by the defendant. Evitts v. Lucey, 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The Court gives great deference to professional appellate strategy and applauds counsel for “winnowing out weaker arguments on appeal and focusing on one central issue if possible, and at most á few key issues. Jones v. Barnes, 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). This is true even where the weaker arguments have merit. Id. at 751-2, 103 S.Ct. 3308.
When'the claim of ineffective assistance of appellate counsel is based on failure to raise the issue on appeal, the prejudice prong of the Strickland test requires the petitioner to establish that the appellate court would have granted relief, had the issue been raised. United States v. Phillips, 210 F.3d 345, 350 (5 Cir. 2000).
In the instant application, it is not easy to determine the exact claims made, but after reviewing the pro se application broadly, the court does not find either trial or appellate counsel were deficient in their representation. In addition, the district court record and decision on appeal indicate zealous and competent representation. Second Claim: Whether trial counsel was ineffective for failing to object to racial discrimination during jury section
In Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the use of peremptory challenges to exclude persons from a jury based on their race violates the Constitution’s Equal Protection Clause. The Louisiana legislature passed LSA-C.Cr.P. art. 795(C) which prohibits the use of peremptory challenges based solely on race or gender. There are *492 a number of steps that must each be proven in order to prevail on a Batson claim.
In addition to the high burden of proving counsel was ineffective, the court also finds the petitioner’s reliance on Batson misplaced. To prevail on a Batson claim, it must be proven that the peremptory challenges on race or gender were in fact made, if so, the prosecutor is given an opportunity to state a race-neutral reason for the strike. If the prosecutor fails to do so, the trial court must decide if the defendant met his burden of proving intentional racial discrimination. See State v. Green, 655 So.2d 272, 287 (La. 1995).
None of the necessary steps were proven in this case. The record establishes that the petitioner was represented at trial by an experienced criminal defense attorney, Marquita Naquin. As counsel for the petitioner, . it was her duty to raise issues before and during the trial, if she believed them to be well-founded. In addition, in his memorandum, the petitioner asserts four black jurors were struck, demonstrating discrimination. However, within the record, there is no reflection of the race of any prospective or actual jurors.
For these reasons, the petitioner has not made a valid Batson claim or a valid claim that one should have been raised. There is nothing in this record to cause this court to substitute its judgment for defense counsel’s judgment during trial or on appeal. In fact, it appears trial and appellate counsel performed well in their representation of the petitioner, despite overwhelming evidence.

Claim Three: petitioner claims that he was denied due process and equal protection when he was amsted in Orleans Parish on a Jefferson Parish warrant

In a short argument, the petitioner contends that LSA-C.Cr.P. art. 207 was violated when he was arrested at his home in Orleans Parish on a Jefferson Parish warrant.
The state responds by raising a procedural bar to this claim being review on post-conviction. The state asserts that LSA-C.Cr.P. art. 930.4(B) mandates that the court will deny relief if the petitioner had knowledge of the claim and inexcusably failed to raise it in the proceedings prior to conviction.
The state also raises an additional procedural bar, that of 4LSA-C.Cr.P. art. 930.3 which lists exclusive grounds to support post-conviction relief. Although the petitioner labels this claim a violation of due process and equal protection, he has not provided any authority that would establish that a violation of a procedural article violates important constitutional rights.
The court agrees that this claim is procedurally barred. The petitioner was aware of the circumstances of arrest prior to trial. Furthermore, this complaint does not fall within one of the exclusive grounds to support post-conviction relief.

Claim Four: the petitioner was denied due process and equal protection because the state improperly bolstered the credibility of a witness.

In his final claim, the petitioner appears to contend that the prosecution improperly bolstered the credibility of a witness. He quotes extensive portions of the trial transcript where prosecution witness Timothy Guillot testified on direct and cross-examination. The quoted portions reveal testimony of the witness’ lengthy criminal record and understandings with law enforcement. The jury had legally admissible information to properly weigh the statements of the witness.
The petitioner does not establish any untruth, impropriety, or misleading testimony from this witness. The jury was fully *493 aware the Timothy Guillot had many arrests and convictions and that he wanted to “help himself’ by testifying.
The petitioner fails to support his claim legally or factually.
CONCLUSION
In all post-conviction proceedings, the burden of proof is entirely on the petitioner. LSA-C.Cr.P. art. 930.2.
A review of the record establishes that the petitioner had a fair trial. His conviction has been reviewed and upheld on direct appeal. This court carefully reviewed each claim made in this post-conviction proceeding, finding one claim barred procedurally and the others deficient on the merits.
The court finds no basis to set aside the petitioner’s convictions or to afford any other post-conviction relief.
Accordingly,
IT IS ORDERED BY THE COURT that this application for post-conviction relief be and is hereby DENIED.
Gretna, Louisiana this 16 day of July, 2015.
/s/
JUDGE
PLEASE SERVE:
PETITIONER: Nakeith C. Sparkman, #483533, Louisiana State Penitentiary, Angola, LA 70712
STATE: Terry Boudreux, District Attorney’s Office, 200 Derbigny St., Gretna, LA 70053