Judgment rendered July 17, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,743-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

TERMAINE LEWIS                              Appellant

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 22-CR-33111

Honorable Amy Burford McCartney, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Chad Ikerd

TERMAINE LEWIS                              Pro Se

CHARLES BLAYLOCK ADAMS                   Counsel for Appellee
District Attorney

EDWIN L. BLEWER, III
ETHAN ARBUCKLE
Assistant District Attorneys

* * * * *

Before COX, ROBINSON, and HUNTER, JJ.

**HUNTER, J.**

Defendant, Termaine Lewis, pled guilty to five counts of distribution of a Schedule II controlled dangerous substance (methamphetamine and cocaine in an aggregate amount of less than 28 grams), in violation of La. R.S. 40:967(A)(1) and (B)(1)(a).  Pursuant to a plea agreement, he was sentenced to serve a total of 30 years' imprisonment at hard labor.  Appellate counsel has filed a brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and motion to withdraw, alleging he could find no nonfrivolous issues to raise on appeal.  For the following reasons, we grant the motion to withdraw as counsel and affirm defendant's conviction and sentences.

**FACTS**

Defendant, Termaine Lewis, was charged by bill of information with five counts of distribution of a Schedule II controlled dangerous substance (methamphetamine and/or cocaine), in violation of La. R.S. 40:967(A)(1) and (B)(1)(a).[1]  On April 18, 2023, defendant plead guilty to all five counts. During the *Boykin* proceedings, the State provided the following factual basis:

> In DeSoto Parish, the defendant, Termaine Lewis, committed the offense of distribution of schedule II narcotics on five occasions. On each occasion, a controlled buy was conducted, which was audio and videotaped. The drugs purchased were then sent to the crime lab. Specifically, with regard to June 1, 2022, June 22, 2022, and June 23, 2022, the defendant distributed methamphetamine. *** Thereafter, on or about June 24, 2022, and July 1, 2022, the defendant distributed cocaine on those occasions. The cocaine was taken to the crime lab and tested and determined in fact to be cocaine.

---

[1] The record indicates a trial commenced on March 20, 2023.  However, defense counsel requested a mistrial "due to conflict of counsel with the State's witness" (a confidential informant).  The trial court appointed another attorney to represent defendant and declared a mistrial.  The matter was later reset for trial.

In exchange for defendant's guilty plea, the State declined to file a habitual offender bill of information and recommended the trial court would not impose a sentence in excess of 30 years' imprisonment.

A sentencing hearing was held on August 21, 2023. Prior to imposing the sentence, the noted defendant's age (43 at the time of arrest, and 44 at the time of sentencing). The court also reviewed defendant's presentence investigation report and detailed defendant's personal, family, social, educational, and employment history. The court further noted defendant's history of substance abuse, including an accidental overdose in 2018, and his "mental health issues" stemming from an unspecified "traumatic event" involving his best friend. Further, the trial court took note of defendant's close relationships with his mother, siblings, and his 17-year-old son. The court also reviewed defendant's criminal history, remarking he is a fourth-felony offender, and all of the prior offenses included drug-related convictions (possession and/or distribution of marijuana and cocaine). Thereafter, the trial court stated:

> Considering all of these things, as to counts one, two and three [distribution of methamphetamines], it is the sentence of the Court that Mr. Lewis shall be imprisoned for ten years at hard labor as to each count to be run consecutively. As to counts four and five [distribution of cocaine], it is the sentence of the Court that Mr. Lewis shall be imprisoned for ten years at hard labor as to each count. In light of the agreement of the State and defendant to the sentencing cap of thirty years, the sentences for counts four and five will run concurrent with counts one, two and three. With respect to the consecutive sentences, the Court notes that each of these counts represent different and distinct crimes, each having occurred on a different date. Further, the defendant's criminal history reflects that he has a long-term history of dealing drugs.
>
> ***

The trial court's order included credit for time served and a referral for a mental health screening and a substance abuse treatment evaluation.

2

Defense counsel entered an objection to the sentence; however, he did not provide any grounds for the objection.

Trial counsel filed a timely Motion to Reconsider Sentence, in which he argued the sentence was excessive, and the trial court did not consider the factors set forth in La. C. Cr. P. art. 894.1 when it imposed the 30-year sentence. The trial court denied the motion to reconsider, noting it had considered each of those factors. Subsequently, the trial court granted defendant's request to appeal the denial of his motion to reconsider sentence, and the Louisiana Appellate Project was appointed to represent defendant on appeal.

## DISCUSSION

Appellate counsel timely filed an *Anders* brief and a motion to withdraw, alleging he could find no non-frivolous issues to raise on appeal. *See Anders*, *supra*; *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So. 2d 241, 242; *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So. 2d 1176; *State v. Benjamin*, 573 So. 2d 528 (La. App. 4 Cir. 1990). With the *Anders* brief and motion to withdraw, trial counsel provided a copy of the pro se briefing notice with defendant's current address. Counsel's brief outlined the procedural history of the case and the actions of the trial court. The brief also contained "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles*, *supra*. Appellate counsel further verified he had mailed copies of the motion to withdraw and his brief to defendant, in accordance with *Anders*, *Jyles*, *Mouton,* and *Benjamin*, *supra*. Appellate counsel further requested this Court review the record for errors patent, and "in accord with such a review, [defendant] requests this Court to reverse his sentence."

3

In response, the State has filed a brief asserting it has no objection to this Court reviewing the record for errors patent and granting appellate counsel's motion to withdraw. On January 31, 2024, this Court issued an order holding the motion in abeyance and notifying defendant of the deadlines to file a written request to view the appellate record and to file a pro se brief.

Defendant has filed a pro se brief asserting two general complaints: (1) the sentences imposed are constitutionally excessive and the 10-year sentences should have been ordered to run concurrently; and (2) his trial counsel was ineffective because he failed to provide reasons for the objection "deprived the appellate court of an opportunity to review the district court's decisions and errors of law, as well as deprived it of the opportunity to review any evidence in support of the defendant's excessiveness claim"; and failed to conduct a reasonable investigation into factors which may warrant a downward departure.

The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2. This rule applies to sentences imposed under an agreed-sentencing cap as well as sentences for an agreed-upon term of years. *State v. Young*, 96-0195 (La. 10/15/96), 680 So. 2d 1171; *State v. Ware*, 55,046 (La. App. 2 Cir. 5/10/23), 362 So. 3d 1027; *State v. Willis*, 52,126 (La. App. 2 Cir. 8/15/18), 253 So. 3d 915. Thus, as a general matter, sentences imposed in accordance with plea agreements are unreviewable. *State v. Kennon*, 19-00998 (La. 9/1/20), 340 So. 3d 881; *State v. Eldridge*, 55,019 (La. App. 2 Cir. 5/10/23), 361 So. 3d 1209.

4

As part of his plea agreement, defendant agreed to a sentencing cap of 30 years.[2] The agreement did not include a mandatory minimum, and there was no agreement with regard to whether the sentences would be served concurrently or consecutively. During the *Boykin* hearing, defendant expressed he understood he understood the 30-year sentencing cap, and he still wished to plead guilty. The sentence imposed, 30 years at hard labor, is in conformity with defendant's plea agreement. Thus, under art. 881.2(A)((2), defendant is precluded from seeking review of his sentence. *State v. Young*, *supra*; *State v. Ware*, *supra*; *State v. Willis*, *supra*.

Defendant's remaining pro se claims relate to ineffective assistance of counsel. The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the United States Constitution. *State v. Harris*, 18-1012 (La. 7/9/20), 340 So. 3d 845;[3]

---

[2] Defendant was charged by bill of information on December 14, 2022. At the time defendant was charged, La. R.S. 40:967 provided, in pertinent part:

> **A. Manufacture; distribution.** [I]t shall be unlawful for any person knowingly or intentionally:
>
> (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II.
> ***
> **B. Violations of Subsection A.** Any person who violates Subsection A of this Section with respect to:
>
> (1) [A] substance classified in Schedule II for an amount of:
>
> (a) An aggregate weight of less than twenty-eight grams, shall be imprisoned, with or without hard labor, for not less than one year nor more than ten years and may, in addition, be fined not more than fifty thousand dollars.
> ***

[3] In *State v. Harris*, *supra*, the Louisiana Supreme Court stated:

*State v. Mays*, 54,251 (La. App. 2 Cir. 5/25/22), 338 So. 3d 279, *writ denied*, 22-01000 (La. 10/4/22), 347 So. 3d 895.

Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because this provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. McGee*, 18-1052 (La. 2/25/19), 264 So. 3d 445; *State v. Ward*, 53,969, (La. App. 2 Cir. 6/30/21), 324 So. 3d 231. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. *Id.*

Under the well-known standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *State v. Washington*, 491 So. 2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. *State ex rel. Sparkman v. State*, 15-1726 (La. 10/17/16), 202 So. 3d 488; *State v. Legrand*, 02-1462 (La. 12/3/03), 864 So.2d 89; *State v. Adams*, 53,055 (La. App. 2 Cir.

---

> Counsel's failure to object to the sentence or file a motion to reconsider at the habitual offender proceedings deprived defendant of an important judicial determination by the trial court, and also failed to correct any inaccurate assumptions concerning the law and the court's capacity to deviate downward if warranted. This failure also deprived the appellate court of an opportunity to review the district court's decisions (or errors of law), as well as deprived it of the opportunity to review any evidence in support of defendant's excessiveness claim that he could have put into the record before the trial court.

*Id.*, at 858.

11/20/19), 285 So. 3d 526, *writ denied*, 20-00056 (La. 9/8/20), 301 So. 3d 15.

The *Strickland* test of ineffective assistance affords a "highly deferential" standard of review to the actions of counsel to eliminate, as far as possible, "the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. A court therefore "does not sit to second-guess strategic and tactical choices made by trial counsel." *State v. Myles*, 389 So.2d 12, 39 (La. 1979). As such, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and merits "highly deferential" treatment. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *State v. Thomas*, 17-0649 (La. 6/26/19), 284 So. 3d 622, 625.

To be successful in arguing ineffective assistance of counsel, a defendant must prove deficient performance to the point that counsel is not functioning as counsel within the meaning of the Sixth Amendment. *State ex rel. Sparkman, supra*; *State v. Adams, supra*. Furthermore, pursuant to *Strickland*, a defendant must also show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland, supra*; *State v. Thomas*, 17-0649 (La. 6/26/19), 284 So. 3d 622. Significantly, effective counsel does not mean errorless counsel. *State ex rel. Sparkman, supra*; *State v. Adams, supra*.

The record on appeal is sufficient to dispose of defendant's claim of ineffective assistance of trial counsel. However, the alleged error, *i.e.*,

*7*

counsel's failure to provide specific reasons for his objection to the sentences, does not support an ineffective assistance claim. The record demonstrates, as stated in defendant's brief, the trial court overruled counsel's oral objection to the sentence. Thereafter, on August 22, 2023, the day after the sentence was imposed, counsel filed a motion to reconsider sentence, in which he raised the following arguments: (1) the sentence was excessive because it failed to consider defendant's personal history and "lifetime use of drugs and mental health problems"; and (2) the sentence was grossly disproportionate to the seriousness of the offense and was shocking to the sense of justice.

Although trial counsel did not provide specific reasons for his oral objection to the sentence, he filed a motion to reconsider sentence, in which he set forth specific arguments with regard to the sentence. Further, defendant did not identify how counsel's actions resulted in actual prejudice or were so severe that he was denied a fair trial. See, *State v. Thomas*, *supra*. We find defendant has failed to establish he would have been entitled to relief had any other alleged error been asserted on appeal. Thus, this assignment of error lacks merit.

Because defendant is barred from appealing his conviction and sentences, we are confined to reviewing this record for errors patent only, pursuant to La. C. Cr. P. art. 920. Our independent review of the record reveals no nonfrivolous errors regarding either the guilty plea or the sentences imposed in conformity with the plea agreement. The record shows defendant was properly charged by bill of information, was present with counsel at all stages of the prosecution, and was properly advised of the charges against him, his constitutional rights, and the consequences of his

8

guilty plea. Defendant voluntarily and knowingly pled guilty, and the guilty plea colloquy was valid under *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). His guilty plea waived all nonjurisdictional defects in the proceedings prior to the plea. *State v. McGarr*, 52,641, 52,642 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1189; *State v. Stephan*, 38,612 (La. App. 2 Cir. 8/18/04), 880 So. 2d 201.

## CONCLUSION

For the foregoing reasons, we grant appellate counsel's motion to withdraw as counsel, and we affirm the convictions and sentences.

**MOTION TO WITHDRAW GRANTED; CONVICTIONS AND SENTENCES AFFIRMED.**