ALONZO FORD                                          NO. 25-KH-402

VERSUS                                               FIFTH CIRCUIT

DARELL VANNOY, WARDEN                                COURT OF APPEAL

                                                     STATE OF LOUISIANA

September 25, 2025

Linda Tran
First Deputy Clerk

IN RE ALONZO FORD

---

APPLYING FOR SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JUNE B. DARENSBURG, DIVISION "C", NUMBER 19-4350

---

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Timothy S. Marcel

**WRIT DENIED**

Relator, Alonzo Ford, seeks review of the district court's August 4, 2025 Order, which denied his Uniform Application for Post-Conviction Relief ("APCR"). For the following reasons, we deny relator's writ application.

**Procedural Background**

On November 30, 2023, a jury found relator guilty of two counts of possession of a firearm by a convicted felon (counts two and four), two counts of obstruction of justice (counts three and five), and two counts of second degree murder (counts six and seven). The jury returned a not guilty verdict as to count one, attempted second degree murder. On January 11, 2024, he was sentenced to twenty years imprisonment at hard labor on each firearm count, forty years imprisonment at hard labor on each obstruction count, and life imprisonment at hard labor on each murder count. The trial court also ordered the sentences on counts two, four, six, and seven to be served without benefit of parole, probation, or suspension of sentence; the sentences on counts two, three, four, and five to run concurrently with each other; the sentence on count six to run consecutively to the sentences on counts two, three, four, and five; and, the sentence on count seven to run consecutively to the other sentences. This Court affirmed relator's convictions and sentences on February 26, 2025. *State v. Ford*, 24-197 (La. App. 5 Cir. 2/26/25), 406 So.3d 652. On May 20, 2025, the Louisiana Supreme Court denied relator's writ application. *State v. Ford*, 25-356 (La. 5/20/25), 409 So.3d 216.

Relator filed his APCR with the district court on June 28, 2025, asserting five claims. In claim number one, relator asserts that he was denied his

25-KH-402                              1

constitutional right to appellate review and to a complete transcript in violation of the Sixth Amendment. In claim number two, relator asserts that he was denied the right to a fair and impartial jury in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and his constitutional rights. In claim number three, relator asserts that his convictions were obtained by the use of prosecutorial misconduct during opening and closing arguments. Finally, in claims numbered four and five, relator asserts that he was denied effective assistance of trial and appellate counsel. On August 4, 2025, the district court denied relief, finding that relator failed to meet his post-conviction relief burden of proof under La. C.Cr.P. art. 930.2.[1]

**Analysis**

In this writ application, relator argues the district court abused its discretion in denying his APCR and re-urges the claims raised in his APCR filed in the district court. We begin by addressing relator's claim of discriminatory use of peremptory challenges. Relator contends that the State used its peremptory strikes to exclude Black jurors in violation of *Batson,* which held that the Equal Protection Clause prohibits purposeful discrimination of jurors on the basis of race. The *Batson* decision is codified in La. C.Cr.P. art. 795(C), which provides that no peremptory challenge made by the State or the defendant shall be based solely upon the race of the juror.

Relator argues that the "record specifically shows that the State used its only three peremptory challenges to strike three Black jury venirepersons." However, he does not provide specific details or documentation in support of his assertion. *See* La. C.Cr.P. art. 930.2. In fact, relator states that "there may have been one black juror amongst the jury of his peers." Furthermore, in his writ application, relator concedes that counsel did not make an objection on *Batson* grounds. In any event, on review, the November 27, 2023 minute entry from relator's trial, which does not provide the racial makeup of the jurors, shows that the State exercised more than three peremptory challenges. The minute entry further shows that multiple potential jurors were also challenged by joint motion of the State and the defense. Given that relator does not point to any specific instances of race-based discrimination during the jury selection but rather relies on conclusory allegations, we agree with the district court that relator does not meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2 for this claim.

Next, we address relator's claim that the prosecutor went beyond the proper scope of opening and closing argument in violation of La. C.Cr.P. art. 774. Relator contends that the State's closing argument improperly referred to him as a predator and warned the jurors that if they did not find relator guilty, his next victim might be someone close to them. Relator also claims that the prosecutor informed the jury that the instant case was not relator's "first time with a serious charge" and suggested that relator would not have been arrested if he was not guilty. Additionally, relator maintains that the prosecutor, during opening statement, asked the jury to imagine how they "would feel if you lived on this street."

---

[1] La. C.Cr.P. art. 930.2 states: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

2

As an initial matter, we note that relator fails to include a copy of the transcript containing the alleged improper remarks.[2] *See* La. C.Cr.P. art. 930.2. In fact, review of the writ application shows that relator concedes that his recollections of the prosecutor's unobjected to comments were not "exact statements" but "relatively close to such."

Argument at trial shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the State or defendant may draw therefrom, and to the law applicable to the case. La. C.Cr.P. art. 774. While the trial judge has broad discretion in controlling the scope of closing argument, prosecutors enjoy wide latitude in choosing closing argument tactics. *State v. Flores*, 14-642 (La. App. 5 Cir. 12/23/14), 167 So.3d 801, 808. Even where a prosecutor exceeds his wide latitude, the reviewing court will not reverse a conviction unless thoroughly convinced that the argument influenced the jury and contributed to the guilty verdict. *Id.* Moreover, even if the complained-of remarks by the prosecutor were improper, a conviction should not be reversed absent a showing that the argument influenced the jury and contributed to the verdict. *Id.*

We note that on direct appeal this Court found there was ample evidence in support of relator's convictions apart from the alleged commentary made by the State. *See Ford*, 24-197, 406 So.3d at 667-74 (this Court found that the State's evidence, per the *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard, was sufficient to support relator's convictions for two counts of second degree murder, two counts of possession of a firearm by a convicted felon, and two counts of obstruction of justice). As to relator's claim in this APCR, we find that relator fails to show how the prosecutor's remarks influenced the jury or contributed to the guilty verdict. Accordingly, we conclude that relator does not meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2 for this claim.

Next, relator maintains that counsel rendered ineffective assistance by failing: (1) to object to the State's *Batson* violation during voir dire; (2) to impeach the State's witnesses; and (3) to object to the State's improper remarks during its opening statement and closing argument.

Under the Sixth Amendment to the U.S. Const. Art. I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.* Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id.*

---

[2] The district court's ruling denying relator's APCR stated that on appeal, this Court "addressed this complaint." Thus, the district court found relator's claim was barred from post-conviction review by La. C.Cr.P. art. 930.4(A), which provides: "any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered." However, because relator's prior claim on appeal rested on different grounds than the argument raised here, we find that La. C.Cr.P. art. 930.4(A)'s procedural default does not apply. At any rate, the district court also found that relator's claim "fail[ed] to state with any reasonable particularity the factual basis, as mandated by La. C.Cr.P. art. 926." We agree.

It is absolutely essential that both prongs of the *Strickland* test be established before relief will be granted by a reviewing court. *State ex rel. Sparkman v. State*, 15-1726 (La. 10/17/16), 202 So.3d 488, 491. Satisfaction of the first prong on post-conviction requires proof that counsel did not function as counsel within the meaning of the Sixth Amendment. *Id.* The second prong requires proof of actual prejudice to the point that the results of the trial cannot be trusted. *Id.* An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Casimer*, 113 So.3d at 1141. To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Id.* In order to prevail, the accused must also overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; specifically, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

In the present matter, relator's ineffective assistance claims are based on counsel's decisions regarding voir dire, cross-examination of witnesses, and the raising of objections. Decisions of this nature are strategic and tactical decisions and squarely fall within the ambit of trial strategy. *See Teague v. Scott,* 60 F.3d 1167, 1172 (5th Cir. 1995) ("The attorney's actions during voir dire are considered to be a matter of trial strategy."); *State v. Brooks*, 94-2438 (La. 10/16/95), 661 So.2d 1333, 1337 (in which the supreme court found that counsel's choices of which questions to ask on cross-examination fall well within the ambit of trial strategy); and *State v. Moore*, 16-644 (La. App. 5 Cir. 3/15/17), 215 So.3d 951, 968 ("The time and manner of making objections is part of the trial strategy decision-making of the trial attorney."). An alleged error that is within the ambit of trial strategy does not establish ineffective assistance of counsel because opinions may differ on the advisability of such a tactic. *State v. McKinney*, 19-380 (La. App. 5 Cir. 12/26/19), 289 So.3d 153, 162. Upon review, we find relator has failed to demonstrate how counsel's trial strategy was unsound. Consequently, relator has not "overcome the presumption that, under the circumstances, [counsel's decisions] 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). This claim is without merit.

Relator also faults appellate counsel for only raising two assignments of error on appeal and further failing to request an error patent review. However, an attorney need not advance every argument, regardless of merit, urged by appellant. *State v. Castillo*, 13-552 (La. App. 5 Cir. 10/29/14), 167 So.3d 624, 653, *writ denied sub nom. State ex rel. Castillo v. State*, 14-587 (La. 11/7/14), 152 So.3d 172, and *writ denied*, 14-2567 (La. 9/18/15), 178 So.3d 145. Experienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most, on a few key issues. *Castillo,* 167 So.3d at 653 (citing *Jones v. Barnes*, 463 U.S. 745, 751-52, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983)).

Our review shows that appellate counsel challenged the sufficiency of the State's evidence and the denial of the defense motion to sever the offenses. *See Ford*, 24-197, 406 So.3d at 667. While the claims were ultimately unsuccessful, relator fails to describe with any specificity what additional claims appellate counsel should have raised. *See* La. C.Cr.P. art. 930.2. Furthermore, despite relator's claim to the contrary, this Court conducted a full review of the record and

4

found only one error patent requiring correction with respect to the trial court's incorrect advisal of La. C.Cr.P. art. 930.8's prescriptive period. *See Ford*, 24-197, 406 So.3d at 683. Therefore, on the showing made, we find relator has not demonstrated that appellate counsel rendered ineffective assistance.

Finally, relator claims that he was denied his constitutional right to appellate review because he was unable to obtain a copy of his complete trial record.[3] In doing so, he appears to argue that he is now entitled to a free copy of his trial transcript based on the claims he has raised in the instant application.

Generally, an incarcerated indigent must demonstrate a particularized need before receiving a copy of a court document free of charge. *State ex rel. Simmons v. State*, 93-275 (La. 12/16/94), 647 So.2d 1094, 1095 (*per curiam*).[4] In *State ex rel. Bernard v. Criminal Dist. Court Section J.*, 94-2247 (La. 4/28/95), 653 So.2d 1174, the supreme court held that an indigent inmate cannot make a showing of particularized need absent a properly filed APCR that sets forth the specific claims of constitutional errors which required the requested documentation for support. As this Court recently found in *State v. Patton*, 25-152, 2025 WL 2331332, at *2 (La. App. 5 Cir. Aug. 13, 2025), "[t]he mere filing of an APCR, however, does not *per se* satisfy the required 'particularized need[.]'" This Court further explained:

> The requirement of specific allegations of factual bases stated with reasonable particularity is not only a statutory requirement; it is clear in our constitutional jurisprudence. Access [to transcripts free of charge] does not require the state to underwrite the inmate's efforts to overturn his conviction and sentence by providing him generally with documents "to comb the record for errors." *Bernard*, 653 So.2d at 1175; *State ex rel. Payton v. Thiel*, 315 So.2d 40 (La. 1975). An inmate cannot make a showing of a particularized need absent a properly filed application for post-conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. *Id.* Due process and equal protection surely do not require the providing of transcripts to make petitioner aware in the first instance of **events or occurrences** which constitute grounds for [post-conviction relief]. *Bernard*, *supra*, citing *State v. Drozd*, 116 Ariz. 330, 569 P.2d 272, 274 (Ct. App. 1977). [Emphasis added.]

> "Particularized needs" requires that the applicant allege the "events or occurrences," or some actions taken or omitted, which support or establish the existence of the ground(s) in La. C.Cr.P. art. 930.3, and would be relevant to the court in determining the appropriate disposition of the application under La. C.Cr.P. arts. 928 or 929, or to show genuine questions of relevant facts sufficient to conduct an evidentiary hearing pursuant to La. C.Cr.P. art. 930.

---

[3] We note that on appeal, relator filed a *pro se* brief in which he raised four assignments of error. *See Ford*, 24-197, 406 So.3d at 676-82.

[4] Under *State ex rel. Simmons v. State*, 647 So.2d at 1095, indigent inmates are generally entitled to the following documents free of charge: (1) transcripts of their guilty plea colloquies; (2) copies of the bill of information or grand jury indictment charging them with a crime; (3) copies of the district court minutes for sentencing; (4) copies of transcripts of evidentiary hearings held on their applications for post-conviction relief; and (5) copies of the documents committing them into custody.

*Patton*, 25-152, 2025 WL 2331332, at *3.

Here, relator's request for a free copy of the entire trial record resembles a quest to find potential post-conviction claims based solely on speculative assertions rather than factual specificity. However, "[a]s stated in *Bernard*, free transcripts are not provided for the applicant to comb through, searching for unalleged errors, events, or occurrences." *Patton*, 25-152, 2025 WL 2331332, at *4. Under these circumstances, we find that relator has failed to demonstrate a particularized need for the requested copy of the trial record.

Accordingly, relator's writ application is denied.

Gretna, Louisiana, this 25th day of September, 2025.

**TSM**
**SMC**
**MEJ**

6

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/25/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-402**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable June B. Darensburg (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED

Alonzo Ford #337463 (Relator)
Louisiana State Penitentiary
Angola, LA 70712